**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose CUEVAS–ESTRADA,
Defendant–Appellant.**

**No. 11–10628.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2013.*

Filed April 22, 2013.

Susan B. Gray, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Galia A. Phillips, Law Office of Galia Phillips, Oakland, CA, for Defendant–Appellant.

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

MEMORANDUM **

Jose Cuevas–Estrada appeals from the district court's judgment and challenges the 57–month sentence imposed following his guilty-plea conviction for illegal reentry

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cuevas–Estrada contends that the district court abused its discretion by denying his request for a cultural assimilation departure on the basis of a clearly erroneous fact, and by denying his request for a downward departure in his criminal history category. This court does not review the denial of a departure; rather, our review is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Vasquez–Cruz,* 692 F.3d 1001, 1008 (9th Cir.2012). The substantive reasonableness of a sentence is reviewed for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Contrary to Cuevas–Estrada's contention, the district court did not abuse its discretion in imposing his sentence. The court varied downward from the advisory Sentencing Guidelines range because it believed that the 16–level enhancement for Cuevas–Estrada's prior offense was excessive. The sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), including the need to deter and to protect the public. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).